IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAWRENCE NORTON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| NATIONWIDE INSURANCE | § | |
| LONG TERM DISABILITY PLAN | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

PRELIMINARY STATEMENT

Lawrence Norton brings this ERISA action against the Nationwide Insurance Long Term Disability Plan to secure short term and long term disability benefits to which he is entitled under a disability benefits policy underwritten and administered by Nationwide Insurance ("Nationwide"). Lawrence Norton is covered under the policy by virtue of his employment with Nationwide Insurance.

Lawrence Norton suffers from chronic conditions, namely diabetes mellitus and peripheral neuropathy, diabetes related ulcerations effecting Plaintiff's extremities, conversion disorder, anxiety disorder, hypertension, hyperlipidemia, migraine headaches, morbid obesity, and associated symptoms and further side effects related to necessarily prescribed medications. Plaintiff suffers from severe pain due to the aforementioned conditions. Due to these limitations, Nationwide's decision that Mr. Norton could return to work as of June 1, 2001, is an incorrect assessment of Mr. Norton's abilities. Rather, the aforementioned impairments and their symptoms resulted in disability and forced Lawrence Norton to leave his employment and seek

long term disability ("LTD") benefits from Defendant.

## PARTIES

1. Plaintiff, Lawrence Norton, is a citizen and resident of Fort Stockton, Texas. Defendant Nationwide Insurance, is a corporation operating and doing business in Texas.

2. Defendant is a properly organized business entity doing business in the State of Texas. The long term disability plan at issue in this case was issued and administered by Nationwide Insurance, a corporation doing business in the Southern District of Texas.

## JURISDICTION AND VENUE

3. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under the Employee Retirement Income Security Act ("ERISA"), as allowed by 29 U.S.C. §§ 1132, 1133, & 1140, and as further defined by I.R.C. § 62(e)(18).

4. Venue in the Southern District of Texas is proper by virtue of Plaintiff's employment and Defendant's doing business in the Southern District.

## FACTUAL ALLEGATIONS

5. Plaintiff has been a covered beneficiary under a group long term disability benefits policy issued by Defendant at all times relevant to this action.

6. Under the terms of the policy, Nationwide Insurance administered the Plan and retained the sole authority to grant or deny benefits to applicants.

7. Defendant has a fiduciary obligation to Plaintiff to administer the Plan and Policy fairly, and to furnish long term disability benefits according to the terms of the Policy, subject to conditions and limitations not applicable in this action.

8. Plaintiff is a forty year old man who worked for Nationwide Insurance for

approximately two years. Due to the chronic and progressive nature of Plaintiff's impairments, Plaintiff ceased actively working for Nationwide Insurance on February 1, 2000. Plaintiff then applied to Defendant for short term and long term disability benefits.

9. Plaintiff submitted medical information to Defendant showing that he is totally disabled.

10. Plaintiff also submitted information regarding his job duties and showed that he was unable to perform the material duties of his occupation.

11. The Social Security Administration has found Plaintiff totally disabled. Moreover, Social Security uses a more rigorous standard for determining disability. Unlike the Nationwide Insurance Plan, which requires only that Plaintiff be unable to perform the material duties of his own occupation, the Social Security Act requires that Plaintiff show that he is totally disabled from performing any substantial gainful activity.

12. Defendant initially granted Plaintiff long term disability benefits; however, Defendant subsequently canceled Plaintiff's benefits based upon Defendant's assertion that Plaintiff's physician, Dr. Glen Johnson, stated that Plaintiff could return to work as of June 1, 2001. Consequently, Defendant determined that Plaintiff did not meet the Plan's definition of disability. No record exists to confirm that Dr. Johnson ever released Plaintiff for work as of June 1, 2001. Moreover, Dr. Johnson stated in writing that he has no recollection of *ever* releasing Plaintiff back to work. Furthermore, medical evidence provided to Defendant by Plaintiff directly contradicts any determination that Plaintiff retained the abilities to perform the duties of his previous occupation.

12. Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits. Plaintiff submitted additional information to

show that he is totally disabled.

13. On October 23, 2006, Defendant notified Plaintiff that Defendant affirmed its original decision to disallow Plaintiff's claim for long term disability benefits.

14. A disinterested decision maker would not have discounted the opinions of Plaintiff's treating physicians, the limitations from which Plaintiff suffers, and the effects of Plaintiff's impairments on his ability to engage in work activities.

15. Plaintiff has now exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

16. Defendant has wrongfully denied long term disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

   a. Plaintiff is totally disabled, in that he cannot perform the material duties of his own occupation, and he cannot perform the material duties of any other occupation which his education, training, or experience would reasonably allow;

   b. Defendant failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

   c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious, and;

   d. Defendant has violated its contractual obligation to furnish long term disability benefits to Plaintiff.

WHEREFORE, Plaintiff prays that the Court:

19. Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to short

term and long term disability benefits under the terms of the Plan, and that Defendant be ordered to pay long term disability benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefits termination age of the Plan.

20. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and;

21. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

Law Office of Marc Whitehead
The Lyric Centre
440 Louisiana, Suite 675
Houston, Texas 77002
(713) 228-8888
(713) 225-0940 Fax

BY: _____
Marc Whitehead
State Bar No. 00785238
Attorney for Plaintiff,
Lawrence Norton